*AP Response*

**Exhibit 10**

**AP**

ASSOCIATED PRESS

Brian Barrett
Assistant General Counsel

200 Liberty Street
New York, New York 10128
T 212.621.1500

www.ap.org

March 1, 2021

VIA E-MAIL

Mr. James Bopp, Jr.
The Bopp Law Firm, PC
The National Building
1 South Sixth Street
Terre Haute, Indiana 47807-3510
jboppjr@aol.com

Re:     Response to Your Letter to The Associated Press

Dear Mr. Bopp,

I write on behalf of The Associated Press ("AP") in response to your letter of February 19, 2021.

Your letter asserts that a March 18, 2019, news article published by the AP, *Police question authenticity of nonprofit's fundraising*, contained false and defamatory allegations regarding your client, the National Police Association ("NPA").

The AP takes seriously its reputation for accuracy and integrity, and we have reviewed the concerns raised in your letter with those principles in mind.  Having undertaken that review, however, we respectfully disagree that the AP article contains any errors, and we do not intend to issue a retraction.

The AP story was based upon a news article first published by *The Indianapolis Star* (the "*IndyStar*").[1]  You provided us with a copy of the complaint letter that you sent to the *IndyStar*. We have also seen the response sent to you by counsel for the *IndyStar*.

We agree with the response from the *IndyStar*, and we incorporate herein the arguments raised in their letter.  The AP article accurately describes the official actions taken by law enforcement in this matter—*i.e.*, the warnings to local communities raising concerns about the fundraising practices of your client.  It concerns a matter of significant public concern and is plainly protected under Indiana law.  *See, e.g.*, *Journal Gazette Co.* v. *Bandido's Inc.*, 712 N.E.2d 446,

---

[1] Briggs & Martin, *This Indianapolis charity says it helps police. Police chiefs say it's a scam*, IndyStar (Mar. 17, 2019), https://www.indystar.com/story/news/investigations/2019/03/17/national-police-association-says-its-helping-police-chiefs-say-its-scam/3144585002/.

1

**Exhibit 10**

452 (Ind. 1999) (adopting the actual malice standard for all matters of public or general concern); Restatement (Second) of Torts § 611 (protecting fair and accurate reporting on official government statements and proceedings).

Notably, you do not argue the AP article inaccurately described the statements and actions taken by the public agencies described therein.  Rather, you claim that three of the police departments cited in the article have since "retracted statements forming the basis of the article."  We disagree with your characterization of those "retracted statements"; in any event, such subsequent factual developments, even if true, are irrelevant for purposes of addressing defamation liability for the AP article.  *See Journal-Gazette Co.*, 712 N.E.2d at 462 (plaintiff "must show that the [publisher] was aware of the inaccuracy *at the time of publication*") (emphasis added); *see also* IndyStar Response Letter, at 5–6 (listing cases showing uniform acceptance of single-publication rule).

We are confident that any legal claims asserted against the AP article would be dismissed under Indiana's anti-SLAPP statute, which entitles a successful defendant to recovery of attorney's fees.

I mention the above not to be argumentative but to give you a sense of our view of the article, as well as the overwhelming weight of legal authority that exists to protect it.  I appreciate that your client disagrees with the criticisms aimed at it by the law enforcement agencies cited in the article, but we see no basis for correcting or retracting the AP article.

As with the *IndyStar*, we do not wish to litigate this issue, but if forced to do so, we will defend ourselves vigorously.

Kind regards,


/s/ Brian Barrett


2

**Exhibit 10**